**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2481-18T1

OCEAN COUNTY BOARD
OF SOCIAL SERVICES,
DEPARTMENT OF HUMAN
SERVICES,

     Petitioner-Respondent,

v.

A.H. and Z.H.,

     Respondents-Appellants.

_____

Argued telephonically March 24, 2020 –
Decided April 24, 2020

Before Judges Gilson and Rose.

On appeal from the New Jersey Department of Human Services, Ocean County Board of Social Services, Agency Docket No. C14080515.

Mordechai Gross argued the cause for appellants.

James A. Mc Ghee, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney

General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; James A. Mc Ghee, on the brief).

PER CURIAM

A.H. and Z.H. (together, the spouses) appeal a final decision of the Department of Human Services, Division of Family Development (DFD), finding they committed an intentional program violation of the Supplemental Nutrition Assistance Program (SNAP),[1] administered by the Ocean County Board of Social Services (CWA).[2] The CWA had contended the spouses intentionally failed to properly disclose sources of income while they were receiving SNAP benefits. The Director of the DFD upheld the initial decision by an Administrative Law Judge (ALJ), who agreed with the CWA and disqualified the spouses for benefits for a twelve-month period, and required them to return the overissuance. We affirm.

At the hearing, Investigator Steven Hernandez testified on behalf of the CWA; A.H. testified on behalf of the spouses; and the parties presented

---

[1] SNAP benefits are administered through the Work First New Jersey Food Stamp Program, N.J.A.C. 10:87-1.1 to -12.7.

[2] A county welfare agency investigates intentional program violations. N.J.A.C. 10:87-11.1(a).

A-2481-18T1

documentary evidence, including the SNAP reporting forms and federal income tax returns at issue. The facts are not complicated.

According to Hernandez, the spouses were overpaid $12,700.69 in SNAP benefits for the three-year period between January 2014 and December 2016. Hernandez attributed the overpayment to the spouses' failure to accurately report A.H.'s income from Madison Tristate Management, Inc., a corporation wholly-owned by A.H., and their failure to report any income from The Fro Pro, Inc., a partnership in which A.H. had an interest. Hernandez explained that the spouses reported much higher income on Madison's federal tax returns than had been reported to the CWA, and they reported income for The Fro Pro that had not been disclosed to the CWA.

Hernandez further testified that the spouses only reported to the CWA A.H.'s income from MTSM Realty, Inc., a subsidiary of Madison that also was wholly-owned by A.H. Notably, by handwritten correspondence submitted to the CWA in January 2015, A.H. denied he was self-employed and stated he received "a paycheck from MTSM Realty."

A.H. acknowledged he was the "one-hundred percent shareholder[]" of Madison and MTSM Realty. Relying upon the advice of his accountant, A.H. testified to his understanding of the income he failed to report:

if the corporation earns money it gets flowed down onto the personal returns. So the person if he loses money he could write off the expense, the loss on his personal return. But it's not actual income an individual actually receives. It's the company's income but the individual pays that income - pays the tax on the corporation on his personal return.

Switching gears from the January 2015 correspondence, A.H. said he did not believe he was self-employed because he "was always told by [his] accountant" that he would "have to file [a Form] Schedule C or C EZ" if he were "self-employed" but he "never filed" either schedule to his federal income tax returns "per [his] accountant." A.H. said he reported to the CWA all income earned "[t]o the best of [his] knowledge." He maintained any failure to report was unintentional.

Because the crux of the dispute before him concerned the legal definition of income received under the SNAP regulations, at the conclusion of the hearing, the ALJ requested written submissions from the parties regarding their interpretation of the relevant regulations. Pertinent to this appeal, Hernandez thereafter submitted a five-page "legal brief" on behalf of the CWA. That brief was "reviewed and edited by" the CWA's counsel.

In his written decision, the ALJ squarely addressed the issues raised in view of the applicable legal principles and the SNAP regulations. Commencing

4

his analysis with the regulation governing the reporting of income, N.J.A.C. 10:87-5.2(a)(1), the ALJ noted the "general requirement that applicants and recipients of SNAP benefits must complete applications in which there is full reporting of all income currently being received." The ALJ further recognized N.J.A.C. 10:87-5.3 defines household income as "all income from whatever source unless such income is specifically excluded under N.J.A.C. 10:87-5.9."[3] And, pursuant to N.J.A.C. 10:87-5.4(a)(3), net income and earned income includes "gross income from a self-employment enterprise . . . ."

Recognizing "neither New Jersey nor Federal SNAP regulations define 'self-employment,'" the ALJ observed "A.H. has agreed that he was and is a 100 percent shareholder in Madison and its subsidiary MTSM [Realty]." Accordingly, the ALJ concluded A.H. "is in effect, Madison, the business." The ALJ elaborated:

> [A.H.] owns the business, runs the business, makes decisions for the business, is the president of the business, has dominion and control over the disposition of funds for the business, and he signs the tax returns for the business. SNAP regulations do not distinguish between the income of a business owner and the income of a self-employed applicant. Both types of income should be counted as income for SNAP eligibility determination purposes. Pursuant to SNAP regulations,

---

[3] N.J.A.C. 10:87-5.9 sets forth twenty categories of exclusions. The spouses do not contend any of those exclusions apply here.

the household income of A.H. and Z.H. was derived from a business owner's self-employment. As such, A.H. was not and is not an employee of Madison. Rather, A.H. was and is a business owner of Madison, and he was and is self-employed by Madison.

The ALJ also recognized the applicable Internal Revenue Service regulations, noting a taxpayer's constructive receipt of income, which is "not actually reduced to a taxpayer's possession" includes income that

is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions.

[26 C.F.R. § 1.451-2(a).]

Accordingly, the ALJ concluded Madison's income "was either actually or constructively received in the year it was reported." Similarly, because The Fro Pro's federal income tax returns reflected income that was credited to A.H.'s account, the ALJ found A.H. constructively received that income. Noting A.H. "did not demonstrate any substantial limitation or restriction on his ability to access or exercise control over this partnership income," the ALJ determined The Fro Pro's income was "received by the household and should have been reported on the [spouses'] application."

Finally, the ALJ rejected the spouses' argument that their failure to report the earnings of Madison and The Fro Pro – as reflected on the companies' federal income tax returns – was not intentional. To support his decision, the ALJ recognized the record was devoid of proof "that respondents were advised by any accountant, lawyer, CWA employee, or other such professional, that they were not expected to report the earnings of Madison and/or [The] Fro Pro for SNAP purposes." According to the ALJ: "Absent such advice, [the spouses] were charged with disclosing all past, present, and potential future income that might be derived as a result of the ownership interests in Madison and [The] Fro Pro, to [the CWA] and its agents at the time of the application and/or recertification." This appeal followed.

On appeal, the spouses raise four challenges to the ALJ's decision, claiming he erred by: (1) finding they intentionally submitted false statements; (2) failing to follow Internal Revenue Service and New Jersey Treasury guidelines concerning S corporations; (3) forcing A.H. to use an accounting method that did not properly calculate his income; and (4) permitting the agency's investigator to submit a brief on behalf of the agency.

We have considered these contentions in light of the record and the applicable legal principles, and conclude they are without sufficient merit to

7

warrant discussion in our written opinion. R. 2:11-3(e)(1)(E). Pursuant to our limited standard of review, In re Stallworth, 208 N.J. 182, 194 (2011), we affirm – as did the Board – substantially for the reasons expressed in the ALJ's cogent written decision, which "is supported by sufficient credible evidence on the record as a whole," R. 2:11-3(e)(1)(D); and is not arbitrary or capricious or inconsistent with legislative policy. See Brady v. Bd. of Review, 152 N.J. 197, 210-11 (1997). We add the following brief remarks concerning the spouses' fourth argument.

Rule 1:21-1(f)(3) and N.J.A.C. 1:1-5.4(a)(3), expressly permit a non-lawyer CWA employee with special expertise in the matter at issue to represent the agency. Because the spouses have not challenged Hernandez's expertise or have otherwise argued how his written submission – which was revised by the CWA's attorney – otherwise exceeded his authority under the Court Rules or SNAP regulations, we discern no basis to disturb the Board's decision on that basis.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2481-18T1